UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BRYAN BOOREN and SHARIN METCALF,<br><br>                    Plaintiffs,<br>    v.<br><br>MB LAW GROUP, LLP; MICHAEL J. FARRELL; DAVID CRAMER; ZIEVE, BRODNAX & STEELE, LLP; KINGSTON D. BOWEN; SCOTT D. CRAWFORD; U.S. BANK, NA; TRUMAN 2016 SC 6 TITLE TRUST; AELP SECURITIZATION TRUST SERIES 2015-1,<br><br>                    Defendants. | CASE NO. 3:20-cv-06163-RJB<br><br>ORDER DENYING PLAINTIFF'S MOTIONS FOR JUDGMENT ON THE PLEADINGS AND TO SET SETTLEMENT CONFERENCE |

THIS MATTER comes before the Court on Plaintiff's Motion for Judgment on the Pleadings (FRCP RULE 12(c)), and to set a Settlement Conference or Pretrial Conference (FRCP Rule 16 and Civil Rule 39.1) (Dkt. 5), Plaintiff's Motion for Order for Pretrial Conference and to Set Date and Briefing Schedule for Motion on Judgment on the Pleadings (Dkt. 6), and Plaintiff's Motion to Set a New Hearing Date and Briefing Schedule (Dkt. 15). All

three motions were filed by Plaintiff Bryan Booren alone because they do not include a signature by Plaintiff Sharin Metcalf.  Defendants Fannie Mae and FNMA REMIC 2006-17 Trust ("the Trust") responded to Plaintiff's motion for judgment on the pleadings.  Dkt. 25.

## II.  DISCUSSION

### A.  MOTION FOR JUDGMENT ON THE PLEADINGS SHOULD BE DENIED

Plaintiff moves for judgment on the pleadings.  Dkt. 5.  Fed. R. Civ. P. 12(c) states that "[a]fter the pleadings are closed—but early enough not to delay—a party may move for judgment on the pleadings."  Plaintiff moved for judgment on the pleadings on December 1, 2020, the day after filing his complaint and before the close of pleadings.  Dkt. 5.  Plaintiff's motion, therefore, is premature because the pleadings are not yet closed.

Plaintiff's motion for judgment on the pleadings (Dkt. 5) is denied, without prejudice.

### B.  MOTIONS TO SET SCHEDULING DATES SHOULD BE DENIED

Plaintiff makes multiple motions to set scheduling dates.  He moves to have "a settlement conference or pretrial conferences ordered pursuant to FRCP Rule 16, and Civil Rule 39.1, in the court's ADR program," (Dkt. 5 at 3), to set oral argument on his motion for judgment on the pleadings (Dkt. 6), and "to set a new date for a hearing on the Motion For Judgment on The Pleadings and set a briefing schedule that is convenient to the Court."  (Dkt. 15).

The Court already issued an initial scheduling order.  Dkt. 10.  The initial scheduling order requires the Parties to have a Fed. R. Civ. P. 26(f) discovery planning conference on February 26, 2021, and to submit a joint status report by March 2, 2021.  Dkt. 10.  While the Parties are encouraged to work toward expeditious and just resolution during this time, participation in the Alternative Dispute Resolution Program is voluntary.  LCR 39.1(a)(4).  As

for Plaintiff's motions relating to the motion for judgment on the pleadings (Dkts. 6 and 15), they should be denied because the motion for judgment on the pleadings is denied.

Plaintiff's motions to set scheduling dates (Dkts. 5, 6, and 15) are denied, without prejudice.

### C. PLAINTIFF MUST FOLLOW THE RULES OF CIVIL PROCEDURE

Plaintiff is reminded that, although he is proceeding *pro se*, he must comply with the rules of civil procedure. *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995). Plaintiff has already filed two dispositive motions, the pending motion for judgment on the pleadings (Dkt. 5) and a motion for default and/or sanctions (Dkt. 20) that is noted for January 1, 2021. Plaintiff has also filed multiple motions about scheduling (Dkts. 5, 6, and 15). Plaintiff should consult the Federal Rules of Civil Procedure and the Local Civil Rules, notably Local Civil Rule 7, regarding motion practice.

**IT IS SO ORDERED**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 21st day of December, 2020.

ROBERT J. BRYAN
United States District Judge