UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BRYAN BOOREN and SHARIN METCALF,<br><br>　　　　　　　　　Plaintiffs,<br>　　v.<br><br>MB LAW GROUP, LLP; MICHAEL J. FARRELL; DAVID CRAMER; ZEIVE, BRODNAX & STEELE, LLP; KINGSTON D. BOWEN; SCOTT D. CRAWFORD; U.S. BANK, NA; TRUMAN 2016 SC 6 TITLE TRUST; AELP SECURITIZATION TRUST SERIES 2015-1; WILMINGTON SAVINGS FUND SOCIETY FSB; FNMA REMIC 2006-17 TRUST; FANNIE MAE; FAY SERVICING, LLC; RUSHMORE LOAN MANAGEMENT SERVICES; MERSCORP HOLDINGS, INC.; and MERS;<br><br>　　　　　　　　　Defendants. | CASE NO. 3:20-cv-06163-RJB<br><br>ORDER DENYING PLAINTIFF'S MOTION TO DISCLOSE AND TO DISQUALIFY COUNSEL (Dkt. 62) AND DECLARATION/APPLICATION IN SUPPORT (Dkt. 63) |

　　THIS MATTER comes before the Court on Plaintiff's Motion for Orders to Disclose Necessary Parties, Identify Related Cases, and to Disqualify Counsel (Dkt. 62) and

- 1

Declaration/Application in Support of Motion for Orders to Disclose Necessary parties, Identify Related Cases, and to Disqualify Counsel and for Permission to File Brief with Excess Pages (Dkt. 63).

The Court has considered the pleadings filed regarding the motion and the remaining file.

## I.     BACKGROUND

At its core, this matter appears to be a foreclosure dispute.  The foreclosure, however, has been overshadowed by extensive filings and the alarming allegation that the allegedly *pro se* Plaintiffs are actually being represented by a disbarred California attorney.  *See* Dkt. 51.  Furthermore, the underlying motions were only s/signed by Plaintiff Bryan Booren even though he has been repeatedly warned that all pleadings must be signed by both *pro se* parties.  *See* Dkts. 11, 34, and 44.  Therefore, this order will refer to "Plaintiff."

In the pending motion, Plaintiff moves to require Defendants to provide the identity and contact information for investors in his loans, to provide notice of related cases, and to disqualify counsel for Defendants Fannie Mae, FNMA REMIC 2006–17, and the Truman 2016 SC 6. Dkts. 62 and 64.  Though Plaintiff titled the second motion at issue as "Declaration/Application in Support," it was filed as a motion and includes a request for permission to file an overlength brief.  Dkt. 63.

## II.     DISCUSSION

**A. IDENTITY OF INVESTORS**

Plaintiff requests the identity of all parties who invested in his loans pursuant to Federal Rules of Civil Procedure 7.1 and 26 and Local Civil Rule 7.1   The purpose of these rules is disclosure of interested and discoverable parties.  *See id.*

- 2

Neither these rules, nor any of the law that Plaintiff cites demonstrates an obligation to provide this information. To the extent that Plaintiff is arguing that additional parties must be joined, he fails to show that joinder is appropriate under Federal Rules of Civil Procedure 19 or 20.

This claim appears to be frivolous and should be denied. This ruling is without prejudice to discovery procedures under the court rules.

**B. RELATED CASES**

Plaintiff appears to argue that all cases including the same defendants, facts, or arguments are related and states that, "[a] motion with the multi-district litigation panel will be filed."

Under LCR 7(g)(4), related actions "concern substantially the same parties, property, transaction, or event; and . . . it appears likely that there will be an unduly burdensome duplication of labor and expense or the potential for conflicting results if the cases are conducted before different judges."

While Defendants have an obligation to file notice of a related case should it exist, there is nothing to suggest that they failed to do so. Plaintiff has filed multiple notices with pages of "related" cases that appear to be related only in the sense that they are loan matters that possibly include the same defendants. *See* Dkts. 42, 43, and 65. To the extent that Plaintiff is attempting to transform this case into a multi-district, multi-party claim, he is reminded that he is proceeding *pro se* and cannot represent other parties. *Johns v. Cnty. of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997).

This claim appears to be frivolous.

**C. DISQUALIFICATION OF COUNSEL**

Plaintiff argues, "[i]t is clear the attorneys have committed ethical breaches by misrepresenting the facts and law related to this case."

- 3

This assertion is not supported by the facts or law.  It appears to be frivolous.

### D.  OVER-LENGTH BRIEF

Plaintiff requests approval to file excess pages because "[t]his case involves numerous parties that could end up being in the hundreds or even more.  It involves numerous related actions."  Dkt. 63 at 2.

Plaintiff did not file this motion in accordance with LCR 7(f).  Instead, he filed a 26-page motion without permission.  Dkt. 62.

Plaintiff's continued disregard for the rules of civil procedure must stop.

### E.  RULE 11 WARNING

Fed. R. Civ. P. 11(b) provides that:

> By presenting to the court a pleading, written motion, or other paper – whether by signing, filing, submitting, or later advocating it – an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Pursuant to Rule 11(c), "the court may impose an appropriate sanction on any attorney, law firm, or party that violated [Rule 11(b)] or is responsible for the violation."

- 4

This Court previously warned Plaintiff that he must follow the rules of civil procedure. Dkt. 34. Plaintiff is now on notice that he will be sanctioned if he continues to disregard the rules and file frivolous motions.

### III.   ORDER

Therefore, it is hereby ORDERED that Plaintiff's motions (Dkts. 62 and 63) **ARE DENIED**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to each party appearing *pro se* at said party's last known address.

Dated this 11th day of February, 2021.

*/s/ Robert J. Bryan*

ROBERT J. BRYAN
United States District Judge

- 5