UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BRYAN BOOREN and SHARIN METCALF,

Plaintiffs,

v.

MB LAW GROUP, LLP; MICHAEL J. FARRELL; DAVID CRAMER; ZEIVE, BRODNAX & STEELE, LLP; KINGSTON D. BOWEN; SCOTT D. CRAWFORD; U.S. BANK, NA; TRUMAN 2016 SC 6 TITLE TRUST; AELP SECURITIZATION TRUST SERIES 2015-1; WILMINGTON SAVINGS FUND SOCIETY FSB; FNMA REMIC 2006-17 TRUST; FANNIE MAE; FAY SERVICING, LLC; RUSHMORE LOAN MANAGEMENT SERVICES; MERSCORP HOLDINGS, INC.; and MERS;

Defendants.

CASE NO. 3:20-cv-06163-RJB

ORDER

THIS MATTER comes before the Court on Defendant Fannie Mae's Motion for Show Cause Order Concerning the Unauthorized Practice of Law by Plaintiff's Representative. Dkt. 51. The Court has considered the pleadings filed regarding the motion and the remaining file.

## I. BACKGROUND

Plaintiffs, Bryan Booren and Sharin Metcalf, are allegedly proceeding *pro se*. The Court previously issued Order to Show Cause (Dkt. 11) because Plaintiff Sharin Metcalf did not sign the complaint. The order explained that both parties must sign filings because Plaintiff Booren is not a lawyer and "a non-attorney has no authority to appear as an attorney for others." *Id*. (citing *Johns v. Cnty. of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997). Although the parties subsequently submitted a complaint signed by both parties (Dkt. 27), Plaintiff Booren has continued to submit filings without the signature of Plaintiff Metcalf, *see e.g.*, Dkts. 62 and 63.

In the pending motion, Defendant Fannie Mae raises alarming allegations that Plaintiffs have been represented by a disbarred California attorney who goes by "Michael Roberts," aka Michael T. Pines ("Mr. Roberts"). Dkt. 51. Defendants MB Law Group, LLP, Michael Farrell, and David Cramer join Defendant Fannie Mae in this motion (collectively "Defendants") and move the Court to order Mr. Roberts to cease and desist from the unauthorized practice of law of Plaintiffs' behalf. Dkt. 59.

Defendants allege that Mr. Roberts is ghostwriting and e-signing all of their filings and has engaged with defense counsel about motion practice, court procedure, and settlement. Dkt. 51 at 2. He allegedly told one defense counsel: "I am not a licensed attorney but you can communicate with me. No need to communicate with Sharin [Metcalf] as she is 82 and infirm." *Id.*

## II. DISCUSSION

### A. PLAINTIFF'S MOTION TO CONTINUE

In Plaintiff's Declaration/Opposition to Motion for Order to Show Cause, he requests a continuance, stating, "I need time to gather information in opposition to what was submitted." Dkt. 67 at 1. Plaintiff does not specify what information he seeks or why he could not get it before the noting date. Furthermore, the filing is thorough; it is over five pages and includes legal arguments. Accordingly, Plaintiff appears to have had adequate time to respond and does not provide justification for delay. *See* LCR 7(j).

Plaintiff also claims that the Court is prohibited "as a matter of law" from issuing orders until it responds to his previously filed notices of related action. *Id.* at 2. This argument is without merit because, as "notices," the Court need not issue an order in response.

Therefore, the Court will consider Defendant's motion.

### B. DEFENDANT'S MOTION

In Washington State, the "[u]nlawful practice of law is a crime. A single violation of this section is a gross misdemeanor . . . Each subsequent violation of this section, whether alleged in the same or in subsequent prosecutions is a class C felony." Wash. Rev. Code 2.48.180(3).

An Order to Show Cause appears unnecessary.

While Plaintiffs can seek advice and consultation with any one, or any entity, there are limits on what such a third party may do. Because they have no standing with the Court, they can not speak with, or communicate with, the Court on behalf of an unrepresented party, and must not attempt to do so.

Defense counsel has no obligation to speak with, or communicate with in any way, such a third party. It is up to *pro se* Plaintiffs, not some third party, to comply with the Court's Order

Regarding Initial Disclosures, Joint Status Report and Early Settlement (Dkt. 10, Paragraph III). Defense counsel should not be concerned with the deadlines in the Court's Order if *pro se* Plaintiff has not fulfilled his – or their – responsibilities.

This litigation will proceed under the Orders of the Court, the Rules of Civil Procedure, and the Local Civil Rules of the Western District of Washington.

**IT IS SO ORDERED**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to each *pro* se party at said party's last known address.

Dated this 11th day of February, 2021.

ROBERT J. BRYAN
United States District Judge