UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BRYAN BOOREN and SHARIN METCALF,<br><br>                    Plaintiffs,<br>    v.<br><br>MB LAW GROUP, LLP; MICHAEL J. FARRELL; DAVID CRAMER; ZEIVE, BRODNAX & STEELE, LLP; KINGSTON D. BOWEN; SCOTT D. CRAWFORD; U.S. BANK, NA; TRUMAN 2016 SC 6 TITLE TRUST; AELP SECURITIZATION TRUST SERIES 2015-1; WILMINGTON SAVINGS FUND SOCIETY FSB; FNMA REMIC 2006-17 TRUST; FANNIE MAE; FAY SERVICING, LLC; RUSHMORE LOAN MANAGEMENT SERVICES; MERSCORP HOLDINGS, INC.; and MERS;<br><br>                    Defendants. | CASE NO. 3:20-cv-06163-RJB<br><br>ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION |

This matter comes before the Court on Defendants Fannie Mae and FNMA REMIC 2006-17 Trust's Motion to Dismiss (Dkt. 54); Defendants Zieve, Brodnax, & Steele, LLP, NKA

ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION - 1

1 Law, LLP, Kingston D. Bowen, and Scott D. Crawford's Motion to Dismiss (Dkt. 57);

2 Defendants MB Law Group, LLP, Michael Farrell and David Cramer's Motion to Dismiss (Dkt.

3 60); and Defendants U.S. Bank, Rushmore, and Fay's Motion to Dismiss (Dkt. 70).

4 With these motions, all defendants except for Wilmington Savings Fund Society and

5 AELP Securitization Trust Series 2015-1 move to dismiss Plaintiffs' second amended complaint.

6 The Court has considered the pleadings filed in support of and in opposition to the

7 motions and the file herein.

## I.   FACTS AND PROCEDURAL HISTORY

### A. FACTS

This matter arises out of a loan and subsequent judicial foreclosure issued by the Washington State Superior Court, Clallam County ("State Action"), *US Bank Nat'l Ass'n as Legal Title Trustee for Truman 2016 SC6 Title Trust v. Sharin R. Metcalf, et al.*, Clallam County Superior Ct. Case No. 19-2-00509-05.  Dkt. 70 at 3.

On or about January 9, 2006, Plaintiff Sharin Metcalf executed a deed of trust to secure a loan ("the Loan").  Dkt. 45.  Plaintiff Bryan Booren is Sharin Metcalf's son.  *Id*.

Plaintiffs allegedly stopped making payments on the Loan in 2009.  Dkt. 57.  In 2019, Defendant US Bank National Associate as Legal Title Trustee for Truman 2016 SC6 Title Trust ("US Bank") initiated judicial foreclosure proceedings in the State Action.  Dkt. 70 at 3.

Plaintiffs answered the complaint in the State Action and US Bank moved for summary judgment (Dkt. 55-4), which Plaintiffs opposed (Dkt. 55-5).  On November 20, 2020, the Clallam County court granted US Bank's motion for summary judgment.  The same day, Booren filed a Notice of Appeal to the Washington State Court of Appeals, Division II.  Dkt. 55-7.

On November 30, 2020, Plaintiffs filed their initial complaint in this matter.  Dkt. 1.

On January 22, 2021, the superior court in the State Action entered Judgment and Decree of Foreclosure against Plaintiff Booren.

**B. PROCEDURAL HISTORY AND PENDING MOTIONS**

Plaintiffs bring sixteen causes of action: violation of the federal Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1962(a)–(d); civil conspiracy to defraud; violation of the Fair Debt Collection Practices Act, 18 U.S.C. § 1692; violation of the Washington Fair Debt Collection Practices Act, RCW 19.16.100; unfair business practices pursuant to RCW 19.86; abuse of vulnerable adults pursuant to RCW 74.34; wrongful foreclosure; slander of title; violation of the Washington Consumer Protection Act, RCW 19.86; Quiet Title, RCW 7.28.010; slander of credit; infliction of emotional distress, and; declaratory and equitable relief. Dkt. 45.

In the pending four motions to dismiss, all defendants except for Wilmington Savings Fund Society and AELP Securitization Trust Series 2015-1, which have yet to file a notice of appearance, move to dismiss Plaintiffs' complaint. Though there are four separate motions to dismiss, Defendants joined in the motions filed by other Defendants, and all motions move to dismiss for lack of subject matter jurisdiction.

On February 9, 2021, Plaintiff Bryan Booren filed a response ostensibly in opposition to the first two motions to dismiss (Dkts. 54 and 57)[1], but which does not address the arguments made in the motions. Dkt. 69.

On February 11, 2021, the Court revoked Plaintiffs' electronic filing privileges because a disbarred California attorney appeared to be using the electronic filing system to file motions on their behalf. Dkt. 75. The order permitted Plaintiffs to make a new application for use of the

---

[1] Plaintiff Booren filed this motion as a response to Dkt. 54, but it includes reference to Dkt. 57.

ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION - 3

1  electronic filing system but neither did so.  That order and subsequent filings have been sent to

2  Plaintiffs' last known address.

3        Plaintiffs have not responded to the second two pending motions to dismiss, filed on

4  February 1 and February 10 respectively.

5        In addition, it is worth noting that this case has a long procedural history not relevant to

6  this order.  *See e.g.*, Dkts. 11, 34, 49, 50, 74, and 75.

7        **II.**     **<u>DISCUSSION</u>**

8        **A.  SUBJECT MATTER JURISDICTION**

9        Federal courts are courts of limited jurisdiction that only have authority to hear cases

10  when authorized by the Constitution or statutory grant.  *Kokkonen v. Guardian Life Ins. Co.*, 511

11  U.S. 375, 377 (1994).  The party asserting jurisdiction has the burden of establishing federal

12  court jurisdiction.  *Id.*

13        Pursuant to Fed. R. Civ. P. 12(b)(1), a party may move to dismiss for lack of subject-

14  matter jurisdiction.  When a party challenging subject-matter jurisdiction moves to dismiss on

15  multiple grounds, the jurisdictional question must be addressed before any other arguments for

16  dismissal.  *See Bell v. Hood*, 327 U.S. 678, 682 (1946).  A federal court must dismiss a suit if it

17  lacks subject-matter jurisdiction.  *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006) (quoting

18  Fed. R. Civ. P. 12(h)(3)).

19        **B.  *ROOKER-FELDMAN* DOCTRINE**

20        Pursuant to the *Rooker-Feldman* doctrine, named for *Rooker v. Fidelity Trust Co.*, 263

21  U.S. 413 (1923) and *Dist. of Columbia Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983), federal

22  district courts lack subject-matter jurisdiction to hear direct or *de facto* appeals of state court

23  judgments.  *Fowler v. Guerin*, 899 F.3d 1112, 1119 (2018).  While the doctrine is "narrow," the

24

ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION - 4

claims need not be identical to be considered a *de facto* appeal. *Cooper v. Ramos*, 704 F.3d 772, 778 (9th Cir. 2012). Instead, federal courts consider whether the federal claim is "inextricably intertwined" with the merits of a state court judgment. *Id.* at 779.

To determine whether a federal claim is inextricably intertwined with the merits of a state court judgment, courts pay special attention to the relief requested and consider whether "the relief requested in the federal action would effectively reverse the state court decision or void its ruling." *Fontana Empire Ctr., LLC v. City of Fontana*, 307 F.3d 987, 992 (9th Cir. 2002). While the doctrine does not prevent a plaintiff from bringing an independent but related claim, like for example challenging the constitutionality of a statute at issue in the state matter, *see Feldman*, 460 U.S. 462, it does deprive federal courts of jurisdiction to the extent that the federal claims assert that state court wrongly decided the issues before it. *Cooper*, 704 F.3d at 779 (finding conspiracy claims inextricably intertwined with underlying state action for murder) (quoting *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 25 (1987)).

At least thirteen of Plaintiffs' claims seek to void or reverse the State Action. Five of the sixteen claims are for conspiracy. Plaintiffs claim Defendants' conspiracy "subjected [them] to wrongful loan collection and wrongful foreclosure proceedings." Dkt. 45 at 28, 29, 30, and 31. Similarly, Plaintiffs' claims for unfair collection practice and business practices allege that those practices subjected Plaintiffs to "unfair" or "unlawful" attempts to collect on the loan. *Id.* at 33 and 34. For relief, Plaintiffs seeks an injunction to prevent foreclosure or eviction and a declaration that "Plaintiff Booren holds title free and clear of the Trust Deed and any and all assignments recorded on or after January 09, 2006, are null and void and of no force and effect and do not constitute a lien or encumbrance on the Property," in addition to various forms of monetary damages. *Id.* at 37–38.

In sum, Plaintiffs claim Defendants did something to make the loan and foreclosure proceedings illegitimate and, therefore, the State Action was wrongly decided and should be reversed.

To the extent that Plaintiffs' claims for slander of title, slander of credit, and infliction of emotional distress are not barred by *Rooker-Feldman*, they are barred by *res judicata*, which bars re-litigation of claims that were or could have been raised in a previous action. *See Williams v. Leone & Keeble, Inc.*, 171 Wn.2d 726, 730 (2011); *Rowland v. Baca*, Case No. 10-cv-5536, 2011 WL 841275 at *2 (N.D. Cal. 2011). Those claims could have been raised in the State Action.

Moreover, Defendants theories related to collateral estoppel, immunity, deficient service, and failure to identify a cognizable legal theory appear to have merit, but the Court need not consider those arguments because it lacks subject matter jurisdiction.

For the foregoing reasons, Defendants' motions to dismiss should be granted.

### III.   ORDER

Therefore, it is hereby **ORDERED** that:

- Defendants' motions to dismiss (Dkts. 54, 57, 60, and 70) **ARE GRANTED**;
- All defendants except for Wilmington Savings Fund Society and AELP Securitization Trust Series 2015-1 **ARE DISMISSED**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 12th day of March, 2021.

*Robert J. Bryan*
ROBERT J. BRYAN
United States District Judge