1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BRYAN BOOREN and SHARIN METCALF,<br><br>　　　　　　　　　Plaintiffs,<br>　　v.<br><br>MB LAW GROUP, LLP; MICHAEL J. FARRELL; DAVID CRAMER; ZIEVE, BRODNAX, & STEELE, LLP; KINGSTON D. BOWEN; SCOTT D. CRAWFORD; U.S. BANK, NA; TRUMAN 2016 SC 6 TITLE TRUST; FNMA REMIC 2006-17 TRUST; FANNIE MAE; FAY SERVICING, LLC; RUSHMORE LOAN MANAGEMENT SERVICES; AELP SECURITIZATION TRUST SERIES 2015-1; WILMINGTON SAVINGS FUND SOCIETY FSB; MERS;<br><br>　　　　　　　　　Defendants. | CASE NO. 3:20-cv-06163-RJB<br><br>ORDER GRANTING APPEARING DEFENDANTS' JOINT MOTION FOR FINAL JUDGMENT AND CLOSING THIS MATTER |

　　　　THIS MATTER comes before the Court on Defendants MB Law Group, LLP; Michael J. Farrell; David Cramer; Zieve, Brodnax, & Steele, LLP; Kingston D. Bowen; Scott D. Crawford; U.S. Bank, NA; Truman 2016 SC 6 Title Trust; FNMA REMIC 2006-17 Trust; Fannie Mae; Fay

ORDER GRANTING APPEARING DEFENDANTS' JOINT MOTION FOR FINAL JUDGMENT AND CLOSING THIS MATTER - 1

Servicing, LLC; and Rushmore Loan Management Services' ("Appearing Defendants") Joint Motion for Entry of Rule 54(b) Final Judgment (Dkt. 88) and Amended Order to Show Cause (Dkt. 87), which the Court issued *sua sponte*. The Court has considered the pleadings filed regarding the motion and the remaining file.

**1.  BACKGROUND**

Plaintiffs Bryan Booren and Sharin Metcalf filed their original complaint on November 30, 2020. Dkt. 1. Plaintiffs' filed the operative Second Amended Complaint on December 27, 2020. Dkt. 45. Appearing Defendants filed motions to dismiss, which the Court granted on March 12, 2021. Dkt. 85. That order dismissed the claims against Appearing Defendants, finding all claims barred by either the *Rooker-Feldman* doctrine or *res judicata*. *Id.*

After the order granting the motions to dismiss, only three defendants, Wilmington Savings Fund Society, AELP Securitization Trust Series 2015-1, and MERS ("Remaining Defendants"), remained. However, Plaintiffs neither filed proof of service of process as to the Remaining Defendants, nor did Remaining Defendants file notice of appearance.

On March 16, 2021, the Court issued Amended Order to Show Cause (Dkt. 87), which notified Plaintiffs that failure to effect service of process may result in dismissal and that they had until April 2, 2021 to show cause why Remaining Defendants should not be dismissed without prejudice.

On March 18, 2021, Appearing Defendants filed the pending joint motion, which requests entry of final judgment as to them pursuant to Fed. R. Civ. P. 54(b). Dkt. 88 at 4.

Plaintiffs did not respond to either Appearing Defendants' joint motion or the order to show cause.

## 2. DISCUSSION

Pursuant to Rule 54(b), a district court may enter final judgment with regard to some, but not all, parties in an action with multiple claims and parties "if the court expressly determines that there is no just reason for delay." The "issuance of a Rule 54(b) order is a fairly routine act," *James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1067 n.6 (9th Cir. 2002), in which a "district court must first determine that it dealing with a 'final judgment,'" then whether there is just reason for delay, *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7–8 (1980).

The Court is dealing with a "final judgment" because it previously dismissed all claims against Appearing Defendants in their entirety (*see* Dkt. 85). Furthermore, consideration of administrative interests and equities shows that there is no just reason for delay.

In addition to the Court's finding that Appearing Defendants' motion has merit, W.D. Wash. Local Civil Rule 7(b)(2) provides, in relevant part, that "if a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit." Plaintiffs did not respond to Appearing Defendants' motion, and that failure will be considered as an admission that the motion has merit.

Therefore, Appearing Defendants Joint Motion for Entry of Final Judgment Pursuant Fed. R. Civ. P. 54(b) (Dkt. 88) should be granted.

As to Remaining Defendants, Plaintiffs have not perfected service of process and have been warned that such failure could result in dismissal of those claims. Dkt. 87.

Pursuant to Fed. R. Civ. P. 4(m), a defendant must be served with a summons and the complaint within 90 days of filing the complaint. More than 90 days has elapse since Plaintiffs filed their complaint and named Remaining Defendants. *See* Dkts. 1, 7, 27, and 45. The Court

warned Plaintiffs that they had until April 2, 2021 to show cause why the claims against Remaining Defendants should not be dismissed.  Dkt. 85.  Plaintiffs did not respond to the order.

Therefore, claims against Remaining Defendants should be dismissed.

It is hereby ORDERED:

- Defendants MB Law Group, LLP; Michael J. Farrell; David Cramer; Zieve, Brodnax, & Steele, LLP; Kingston D. Bowen; Scott D. Crawford; U.S. Bank, NA; Truman 2016 SC 6 Title Trust; FNMA REMIC 2006-17 Trust; Fannie Mae; Fay Servicing, LLC; and Rushmore Loan Management Services' Joint Motion for Entry of Rule 54(b) Final Judgment (Dkt. 88) **IS GRANTED**;
- Defendants Wilmington Savings Fund Society, AELP Securitization Trust Series 2015-1, and MERS **ARE DISMISSED**;
- This matter **IS CLOSED.**

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to the last known address of parties appearing *pro se*.

Dated this 6th day of April, 2021.

*/s/ Robert J. Bryan*
ROBERT J. BRYAN
United States District Judge